SAVOY, Judge.
This suit involves a contest of an olo-graphic will executed by Gertrude Buvens, deceased. The litigants herein are collateral heirs of decedent who was never married. The will is dated April 17, 1963.
After a trial on the merits, the district judge declared the will valid. The unsuccessful parties appealed.
The attack is made on said will by appellants who contend that at the time of the execution of the will the executrix was incapable of making a will for the following reasons: (1) that she never did develop mentally and had the mind of a ten or twelve year old child; (2) that the executrix was interdicted shortly after the making of the will in contest.
The evidence reflects that at her death Miss Buvens was 73 years of age; that *90 prior to her death she had been seen by Dr. Norman U. Booker commencing in May of 1962 until the latter part of December, 1963; that he had known her for approximately fifteen years. On her first visit the doctor diagnosed that she had high blood pressure, congestive heart failure, and a chronic kidney condition. From his observation she had the mentality of a ten or twelve year old child.
On cross-examination Dr. Booker admitted he had not made any test to determine her mental condition; that she was being treated for physical ailments; and that she showed the mood of a depressed and retarded person. Dr. Booker had also examined decedent prior to her interdiction in 1964.
Dr. John Kopfinger, an associate of Dr. Booker, testified that he examined decedent shortly before she was interdicted. He did not recall to what degree she was mentally retarded. It was his opinion that Miss Buvens was mentally retarded; that this condition is not the same as insanity; and that such a person may have lucid intervals.
There was also the testimony of the collateral heirs and acquaintances that the decedent was eccentric and lived alone; and that the decedent was mentally retarded from birth.
The will in contest was in Miss Buvens’ handwriting, and it is very legible. There were checks introduced in evidence written by her to pay certain bills.
In 1968 some of the appellants attempted to probate a will prepared by decedent in 1958.
The courts of this State will attempt to enforce the wishes of a person making a last will and testament. The presumption is that a person making a will has the mental capacity to confect said instrument. The burden to show otherwise is on one attacking same.
Taking the evidence as a whole, we agree with the district judge that although decedent did not possess a very high mental state of mind, she was not insane, and her last will and testament is valid.
For the reasons assigned the judgment of the district court is affirmed at appellants’ costs.
Affirmed.