GULOTTA, Judge.
Binnings Construction Company, Inc., and Harol, Inc., have filed a motion to dismiss the appeal of American Fidelity Fire Insurance Company on the ground that the appellant obtained an order for a suspen-sive appeal only, and failed to perfect that appeal timely by not filing an appeal bond in accordance with LSA-C.C.P. art. 2123 which states:
“Except as otherwise provided by law, an appeal which suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within fifteen days of:
“(1) The expiration of the delay for applying for a new trial, as provided by *320 Article 1974, if no application has been filed timely;
“(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
“(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.”
The pertinent dates are as follows:
October 15, 1973 Date of Judgment October 19, 1973 Motion for new trial denied October 31, 1973 Petition for appeal filed December 3, 1973 Appeal bond filed
Obviously the appeal bond was not filed within the applicable fifteen day period. However, the appeal was perfected within the delays allowed for taking a devolutive appeal as provided in LSA-C.C.P. art. 2087:
“Except as otherwise provided by law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within ninety days of:
“(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
“(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
“(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.”
The court in Jackson v. Hannie, 225 So. 2d 385, 388 (La.App.3rd Cir. 1969), when faced with a similar situation, stated:
“Our jurisprudence under LSA-C.C.P. Article 2123 is established that where a suspensive appeal is dismissed as not timely perfected, it will be considered by the court as a devolutive appeal. This is true notwithstanding the fact that the motion and order failed to include any mention of a devolutive appeal. See Levingston Supply Company, Inc. v. American Employers Insurance Company, La.App., 216 So.2d 158 (1st Cir.1958) and the authorities cited therein.”
Accordingly, the suspensive appeal only is dismissed. The appeal is viable, however, as devolutive.
Suspensive appeal dismissed. Devolutive appeal preserved.