307 So.2d 642 (1974)
Marie Louise Gaye wife of/and Adrast DUCOTE, Jr.
v.
Ciro P. CALLICO and Louis A. Cardileone.
No. 6473.
Court of Appeal of Louisiana, Fourth Circuit.
July 25, 1974.
Rehearing Granted in Part and Denied in Part September 11, 1974.
August J. La Nasa, New Orleans, for plaintiffs-appellees.
Von Hoene & Garner (Dan C. Garner), New Orleans, for defendants-appellants.
Before GULOTTA, BOUTALL and SCHOTT, JJ.
SCHOTT, Judge.
The suspensive appeal was taken by lessees from a judgment of eviction taken against them by appellees on March 25, 1974. Appellees have moved to dismiss the suspensive appeal on grounds that 1) the answer filed in the trial court by appellants was not "under oath, pleading an affirmative defense entitling [them] to retain possession of the premises" and 2) the appeal was not taken within 24 hours of the rendition *643 of the judgment, all as provided for in LSA-C.C.P. Art. 4735.
The record verifies the position taken by appellees. The answer filed by appellants contains only the signature of their attorney and a certificate of service on counsel for the appellees, but it is not attested to under oath. Furthermore, judgment was signed on March 25 and the appeal was taken and bond filed on March 29, well beyond the 24 hour deadline established by the cited statute.
Appellees' contention that their testimony under oath at the trial of the rule was sufficient notwithstanding the provisions of LSA-C.C.P. Art. 4735 was specifically answered by this Court in McMillan v. Chauvin, 281 So.2d 181 (La.App. 4th Cir. 1973) Writ refused 283 So.2d 770.
Appellants also contend that the judgment of eviction was not signed until March 25 although the matter was tried on March 22, 1974, and that they were entitled to notice of judgment before the delay for the taking of suspensive appeal began to run. However, the record shows that the trial judge announced his decision immediately after trial of the matter on March 22 to counsel for all parties, and that it was "consented to by counsel that the judgment rendered from the bench will not actually be executed until" March 25. Furthermore, the record shows that it was agreed "that the bond and appeal can be filed 24 hours after signing of judgment which will be" on March 25. Under these circumstances appellants can hardly be heard to complain about the need for a notice of judgment.
For the above reasons, the suspensive appeal is dismissed at appellants' cost. A devolutive appeal was not requested or ordered, and this motion is specifically limited to the suspensive appeal.
Suspensive appeal dismissed.

ON APPLICATION FOR REHEARING
PER CURIAM.
Both appellants have filed a timely application for rehearing together with a "motion to continue appeal as devolutive appeal." The latter motion was filed on the same day as the application for rehearing and is considered a part of such.
Although a devolutive appeal was not requested or ordered in the matter since the appeal was taken by both appellants and since an appeal bond was filed by appellant Louis A. Cordileone within the time permitted for a devolutive appeal, LSA-C.C.P. Art. 2087, appellant Cordileone does have a viable devolutive appeal and his right to prosecute same is preserved. Jackson v. Hannie, 225 So.2d 385 (La.App. 3rd Cir. 1969) and American Fidelity Fire Insurance Company v. Binnings Construction Company, Inc. and Harol, Inc., La. App., 302 So.2d 319.
As to appellant, Ciro P. Callico, a re-examination of the record discloses that he filed no appeal bond whatsoever, so that this Court had no jurisdiction over his appeal in the first instance and the same was properly dismissed.
Accordingly, the application for rehearing of Louis A. Cordileone is granted only to the extent that his right to prosecute his appeal as a devolutive appeal is preserved, while in all other respects his application is denied. The application for rehearing filed by Ciro P. Callico is denied and his appeal is dismissed.
Application for rehearing by Louis A. Cordileone granted in part and denied in part. Devolutive appeal by Louis A. Cordileone preserved. Application for rehearing by Ciro P. Callico denied and his appeal dismissed.