373 So.2d 750 (1979)
SUCCESSION OF Mary Gertrude BUVENS.
No. 7017.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1979.
Rehearing Denied August 15, 1979.
*751 John Makar, Natchitoches, for plaintiff-appellant.
Brittain & Williams, Jack O. Brittain, Natchitoches, Self & Burkett, Thomas A. Self, Many, for plaintiff-appellee.
Before CULPEPPER, SWIFT and DOUCET, JJ.
DOUCET, Judge.
This action originated as a motion to fix attorney's fees, filed by appellee, Thomas Self, an attorney, in the succession proceeding instituted to settle the succession of Mary Gertrude Buvens. Appellant, John Makar, the attorney for the succession named in the decedent's will, has appealed a judgment of the district court, granting appellee's claim in the sum of $2,453 and ordering that it be scheduled and paid by the administrator of the succession out of its assets. Appellee has filed a motion to dismiss the appeal, which will be considered first.

ON THE MOTION TO DISMISS
Appellee's motion to dismiss is based essentially on two grounds. First, he challenges appellant's standing to pursue an appeal of this matter. Second, he argues that the suspensive appeal granted to appellant by the trial court has not been perfected, the appeal bond never having been filed. Appellant has responded by arguing that the motion to dismiss is untimely under LSA-C.C.P. Art. 2161.
When a motion to dismiss strikes at the foundation of the right of appeal or raises a jurisdictional question, it need not be filed within the three days applicable to irregularities or defects in taking the appeal, prescribed by Article 2161. Orrell v. Southern Farm Bureau Casualty Insurance Company, 248 La. 576, 180 So.2d 710 (1965); Willie v. Otasco, 347 So.2d 1215 (La.App. 1st Cir. 1977). We may, therefore, consider appellee's motion.
With regard to appellee's complaint that the suspensive appeal has not been perfected, this court has previously held that when a suspensive appeal is dismissed as not timely perfected, it will be considered as a devolutive appeal. Jackson v. Hannie, 225 So.2d 385 (La.App. 3rd Cir. 1969). See also, American Fidelity Fire Insurance Company v. Binnings Construction Company, 302 So.2d 319 (La.App. 4th Cir. 1974). Since appeal bonds are no longer required for devolutive appeals under LSA-C.C.P. Art. 2124, and appellant has fulfilled all of the requirements for perfecting a devolutive appeal, we will consider it as such.
We believe that appellee's primary argument for dismissal, his challenge to appellant's standing, must also fail. Appellant has a personal economic interest in the outcome of this matter. In response to an opposition entered by appellee to a partial tableau of distribution, because his claim for his fees was not included in it, a joint stipulation was entered into by appellant, *752 appellee and the executrix of the succession. The stipulation, which was filed in the succession proceeding, provides that the amount allocated for appellant's fees in the partial tableau of distribution would be reduced by $1,453, which amount would be held and made available to satisfy appellee's claim, in the event that it was ultimately determined to be valid.
LSA-C.C.P. Art. 2086 provides that an appeal may be taken by any person who could have intervened in the trial court, whether or not any other appeal has been taken. Since we believe that appellant's interest in this matter is sufficient to have allowed him to intervene in the trial court proceedings under LSA-C.C.P. Art. 1091, we have concluded that he has the requisite standing to pursue this appeal. Appellee's motion to dismiss is denied.

ON THE MERITS
Appellee's claim is for the value of legal services rendered for the benefit of Mary Gertrude Buvens prior to her death in 1967 and in connection with the opening of her succession. The decedent had been interdicted for an extended period of time before her death. Appellee handled all of the proceedings incident to the interdiction and prolonged curatorship. In addition, he advised, counseled and performed numerous acts relative to the administration of a trust instituted to manage the decedent's property prior to her interdiction. He had no employment contract with the decedent, all of the work having been done at the request of interested relatives. His claim is, therefore, based on a quasi contractual theory.
Under the proper circumstances, attorney's fees may be recovered on a quantum meruit/quasi contractual basis. Broussard, Broussard & Moresi, Ltd. v. State Auto & Casualty Underwriters Company, 287 So.2d 544 (La.App. 3rd Cir. 1973), writ denied, 290 So.2d 908 (La.1974). This is an exception to the general rule that the right of an attorney to collect fees is based upon contract, and is applicable only in appropriate factual situations. Broussard, Broussard & Moresi, Ltd. v. State Auto & Casualty Underwriters Company, supra; Lyons v. City of Shreveport, 339 So.2d 466 (La.App. 2nd Cir. 1976), writ denied, 341 So.2d 905 (La.1977). We believe that appellee has established that he has a valid cause of action in quasi contract under the facts of this case.
Appellant contends, however, that appellee's cause of action has prescribed under LSA-C.C. Art. 3538, which provides that actions of "... parish recorders, sheriffs, clerks and attorneys for their fees and emoluments ..." prescribe in three years. In order to determine the merit of appellant's plea of prescription, we must decide the issue of when the prescriptive period began to run. Appellant argues that prescription commenced on the date that the services were rendered. Appellee, on the other hand, argues that the services were rendered on an ongoing basis for the singular purpose of managing the decedent's property and personal affairs. He stresses the fact that the majority of the work was done at a time when the decedent did not have sufficient income to pay him. Although she owned valuable immovable property, it was deemed inexpedient to liquidate it in view of the fact that its value was rapidly appreciating.
We agree with appellee that the date on which legal services were rendered is not the only factor to be weighed in deciding the issue of when prescription began to run on a claim for their value. The purpose of the attorney's employment, when and if that purpose was accomplished, and when and if the services were completed are all relevant considerations. Mouton, Champagne & Colomb v. Bourgeois, 208 So.2d 546 (La.App. 3rd Cir. 1968). Another is whether or not the services are charged for on a contingency basis. Garden Hill Land Corporation v. Cambre, 354 So.2d 1064 (La.App. 4th Cir. 1978), writ denied 356 So.2d 439 (La.1978). Perhaps the most important factor, and the one which we consider determinative in this case, is when the employment was terminated. Mouton, *753 Champagne & Colomb v. Bourgeois, supra; Garden Hill Land Corporation v. Cambre, supra.
According to appellee, he stopped rendering services for the benefit of the deceased or her succession prior to the time that a ruling in the succession proceeding, concerning the validity of a will, was appealed to this court in 1970. See Succession of Buvens v. Buvens, 241 So.2d 89 (La.App. 3rd Cir. 1970), writ denied, 257 La. 459, 242 So.2d 578 (1971). His professional relationship was terminated at that point and his claim had reached its maximum worth. Logic dictates that prescription began to run at that point.
Since appellee's claim was not submitted to the administrator of the succession until 1977, more than three years after prescription began to run, it has prescribed, and the trial court erred when it ordered that it be paid out of the assets of the succession.
For these reasons, the judgment of the trial court is reversed. All costs of this appeal are assessed against appellee.
REVERSED.

ON APPLICATION FOR REHEARING
PER CURIAM.
In his application for rehearing, the appellant, Mr. Self, argues strenuously that this appeal should be dismissed because Mr. John Makar, attorney for the succession, has been paid in full the amount of his fee, and he therefore no longer has any interest or standing to oppose the claim by Mr. Self. Although we did not emphasize it in our original opinion, we stated that Mr. Makar is the attorney for the succession named in the decedent's will. We have again reviewed the record and find that not only is Mr. Makar the attorney for the succession named in the decedent's will, but also that he took this appeal as attorney of record for the succession. In his capacity as attorney for the succession, there is no question that Mr. Makar had a right to appeal.
Mr. Self's application for a rehearing is denied.