ON MOTION TO DISMISS
BOUTALL, Judge.
Plaintiff-appellee, Emile M. De-Sandro filed a motion to dismiss this appeal on the following grounds: 1) that the motion and order for appeal named DeSandro as appellant rather than the true appellant; 2) that an amended motion and order naming George Shoemacher as the proper appellant was not filed in accordance with C.C.P. Article 253 nor was order of appeal ever signed by the trial court; 3) that the appeal in this matter was not perfected within the delay authorized by law. The record discloses that notice of judgment was served on Shoemacher on January 31, 1980, and that on February 15,1980 his attorney filed a motion for appeal but inserted the name of plaintiff DeSandro rather than Shoe-macher in the motion. This motion was signed by the trial judge, granting a sus-pensive appeal. Upon discovery of his error, the defendant’s attorney filed on March 10, 1980, an amended motion for a suspen-sive appeal which has never been signed by the judge. However, a hearing was apparently held on these issues, resulting in the trial court’s grant of a devolutive appeal to defendant on July 18, 1980. The law does not require that the order of appeal be in any sacred form, and we consider that the judgment rendered by the trial judge has cured the defects in the documents complained of. That proposition, however, leaves us with a devolutive appeal which was timely requested, but signed after the delay for devolutive appeal had run. On May 18,1981, the Supreme Court of Louisi *1209 ana handed down its ruling in the consolidated cases of Traigle (Collector of Revenue, State of Louisiana) v. Gulf Coast Aluminum Corporation, et al, 399 So.2d 183 (La.1981) in which is settled contradictory decisions amongst the appellate courts concerning the validity of just such appeals. One of the consolidated cases was from this court, Scales v. State of Louisiana, et al., 391 So.2d 871 (La.App. 4th Cir. 1980), which was affirmed. That decision has decisively settled the issue here, and we hold that this appeal is valid.
Accordingly, the motion to dismiss is denied.

MOTION DENIED.