COLE, Judge.
The issue presented in this motion to dismiss a suspensive appeal is whether or not defendant-appellant is entitled to a sus-pensive appeal under La.Code Civ.P. art. 4735.
The facts giving rise to this litigation are as follows. Lessor Mack Huff initiated eviction proceedings against his tenant, Kenneth Elbert, alleging the year-long lease had expired and the tenant had failed to inform the lessor of his desire to continue to occupy the premises. Elbert filed an answer in response to the rule to evict. Judgment was rendered by the City Court of Baton Rouge in favor of plaintiff-appel-lee, ordering defendant-appellant to vacate the premises. Defendant moved for and was granted a suspensive appeal and bond was set at $250.00. Plaintiff moved that the court increase the amount of the bond but the motion was denied. Plaintiff then filed this motion to have the suspensive appeal dismissed, alleging defendant did not set forth an affirmative defense in his answer, as required by La.Code Civ.P. art. 4735. Plaintiff further contends the sus-pensive appeal should be dismissed because the amount of the bond is insufficient. Because we agree with plaintiff’s first argument we need not address the second one.
*1355 The requirements for a suspensive appeal from a judgment of eviction are set forth in La.Code Civ.P. art. 4735.
“An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspensive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal.”
An examination of the defendant’s answer shows he did not plead an affirmative defense entitling him to retain possession of the premises. In the answer he alleged several things. One, he stated he had no contact with the lessor concerning this matter. This in itself is not an affirmative defense because the lease explicitly states as follows:
“The Lessee shall before the thirty (30) days preceding the expiration of this lease, notify the Lessor of the Lessee’s election to renew the lease.”
Therefore it was not necessary that the lessor “warn” the lessee of the termination of the lease or of the lessee’s duty to inform the lessor of his desire to continue the lease beyond the expiration date.
Two, the defendant alleged the lessor’s agent, Citywide Realtors, was in charge of all business concerning this lease. Again, this has no bearing on defendant’s right to occupy the property after the expiration of the lease. Three, defendant asserts that “there was a lease binding on all parties.” This fact is certainly true and it is by the very terms of this lease that the defendant’s right to possess the premises has terminated. Four, he stated that all lease payments had been made to the agent. Again, this fact is irrelevant since the reason for the eviction was not failure to pay rent but expiration of the lease. And finally, he asserted he had never had any contact whatsoever concerning the terms, length or other conditions of the lease. This is basically a repetition of the first allegation and is not an affirmative defense.
We note at trial defendant raised the defense that he had sent a renewal notice to the agent. We need not consider the merits of this argument because article 4735 specifically requires the affirmative defense to be raised in the answer. It has been held that a defense raised at trial, but not in the answer, will not suffice as a valid defense under this article. Tolmas v. Tatum, 330 So.2d 357 (La.App. 4th Cir. 1976); Ducote v. Callico, 307 So.2d 642 (La.App. 4th Cir. 1974).
Since we find no affirmative defenses in the answer, the execution of the judgment should not be suspended under the terms of article 4735. For these reasons, the suspen-sive appeal is dismissed at appellant’s cost. A devolutive appeal was neither requested nor ordered and the motion to dismiss is specifically limited to the suspensive appeal.
SUSPENSIVE APPEAL DISMISSED.