MOTION TO DISMISS
DOMENGEAUX, Judge.
The plaintiffs-appellees, Clarence Guidry and Maudrey L. Guidry, move to dismiss the suspensive appeal taken by the defendants-appellants, Edward D. Rubin, Joshua J. Pi-tre and Patricia Dartez Guidry, from a trial court judgment rendered April 1,1982. We dismiss the suspensive appeal but maintain the appeal as a devolutive appeal.
The defendants-appellants, Edward D. Rubin, Joshua J. Pitre and Patricia Dartez Guidry, obtained an order of appeal on April 29, 1982, granting them a suspensive appeal from a judgment of the trial court rendered April 1, 1982. The Suspensive appeal bond was set at $9,854.18, including interest allowed to the date that security is furnished. No appeal bond was ever filed. On June 3, 1982 the plaintiffs-appellees, Clarence Guidry and Maudrey L. Guidry, filed a motion to dismiss the suspensive appeal. The plaintiffs-appellees contend that the suspensive appeal must be dismissed because the suspensive appeal bond was not furnished within the delay allowed. We agree.
The delay within which to take a suspen-sive appeal is provided for in LSA-C.C.P. art. 2123:
Art. 2123. Delay for taking suspensive appeal
Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice' under Article 1914.
Because the defendants-appellants did not move for a new trial, the thirty day delay for taking a suspensive appeal from the judgment of April 1, 1982 began to run on April 13,1982, seven clear days from the date of judgment. Therefore, the defendants-appellants had until May 12, 1982 to file their motion for a suspensive appeal and bond. The defendants-appellants filed a motion for suspensive appeal on April 29, 1982, but had not filed a bond as of June 2, 1982. Thus, the suspensive appeal was not timely perfected. However when a motion for appeal is filed within the delays allowed for a devolutive appeal, it will be maintained as a devolutive appeal. Succession of Buvens, 373 So.2d 750 (La. App. 3rd Cir. 1979). In the instant case the defendants-appellants filed their motion for appeal on April 1, 1982, well within the delay for perfecting a devolutive appeal.[1] Therefore, *53 this appeal will be maintained as a devolu-tive appeal.
MOTION TO DISMISS SUSPENSIVE APPEAL GRANTED.
DEVOLUTIVE APPEAL MAINTAINED.

. Art. 2087. Delay for taking devolutive appeal
Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an ap-pealable order or judgment may be taken within sixty days of:
*53 (1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any party may take a devolutive appeal therefrom within the delays allowed in the first Paragraph of this Article or within ten days of the mailing by the clerk of the notice of the first devolutive appeal in the case, whichever is later.