EDWARDS, Judge.
McCormick Oil & Gas Corporation filed a concursus to determine the ownership of royalties on production from certain mineral leases it held in Grand Lake. The more than one hundred defendants constitute two groups, the State group and the landowner group. The trial court granted the State group’s motion for summary judgment, and declared the State group the sole owners of the mineral royalties in dispute.
A timely devolutive appeal was taken, but it is unclear exactly which defendants *537 appealed. The motion for appeal states that it is a motion “of all the defendants in the above entitled and numbered ease, through their undersigned attorney.” The order of appeal, however, states that an appeal is granted to Hibernia National Bank. The motion was prepared and signed by Tom W. Thornhill, attorney for Hibernia. Two additional attorneys’ names appear (though without their signatures) as “other counsel for defendants,” without naming their respective clients.
The State group then filed a motion in district court to amend or correct the order .granting the appeal to (1) clearly establish that the appeal was made only by Hibernia and (2) correct the caption which had been incorrectly stated on the motion and order for appeal. Subsequently, Mr. Thornhill also filed a motion to amend the order granting the appeal, but he sought to have the order corrected to show that all defendants had been granted an appeal.
The trial judge held a hearing on these motions, and although no signed judgment appears in the record, his ruling and his oral reasons do appear in the transcript of the hearing, which is in the record. He stated that he believed he had no jurisdiction to rule because an appeal had already been taken. Nonetheless, he added that if he had jurisdiction he would rule that the order of appeal includes Hibernia and any other defendants represented by the three attorneys listed in the motion as shown by the record.
The State group then filed this motion to dismiss and to correct the record, arguing that only Hibernia had taken an appeal, or at least only defendants shown by the record to be clients of the attorneys listed on the motion had taken appeals; and again asking for the caption of the lawsuit to be corrected.
This motion to dismiss is timely under article 2162 of the Code of Civil Procedure, which provides that an appeal can be dismissed at any time for lack of jurisdiction of the appellate court, or because there is no right to appeal. See Succession of Buvens, 373 So.2d 750 (La.App.3rd Cir.1979).
We need not concern ourselves with the question whether the trial court had jurisdiction to rule on these motions, filed as they were after the granting of the order of appeal, because an appellate court has the power to dismiss appeals for lack of jurisdiction, LSA-C.C.P. art. 2162, and to correct records on appeal, id. art. 2132.
It is axiomatic that “no relief can be granted a litigant who neither appeals nor answers his adversary’s appeal.” Wright v. Mark C. Smith & Sons Partnership, 264 So.2d 304, 314 (La.App. 1st Cir.1972). aff'd, 283 So.2d 85 (La.1973). “An appeal is taken by obtaining an order therefor....” LSA-C.C.P. art. 2121. Without an order of appeal, the appellate court has no jurisdiction. Id. art. 2088. We must therefore determine which parties obtained an order of appeal.
Judging from the order itself, only Hibernia was granted an appeal. Yet the motion seeks an appeal on behalf of all defendants. In light of the motion, the order is too restrictive, but the language of the motion is obviously overbroad. For example, the State group of defendants, having won below, certainly would not be appealing. Mr. Thornhill testified at the hearing that the other attorneys whose names appear on the motion for appeal, Taylor Caffery, and the law firm of Herold & Geneux, had authorized him to file the motion for appeal on behalf of their clients. There is, however, no evidence that any other defendants authorized Mr. Thornhill to file appeals for them.
An order of appeal need not be in any particular form. DeSandro v. Shoemacher, 400 So.2d 1208, 1208 (La.App. 4th Cir. 1981). On the other hand, courts should not be placed in the position of having to guess which parties have appealed. To say that appeals are favored in the law, U.S. Fire Insurance Co. v. Swann, 424 So.2d 240, 244 (La.1982), is not to say that appeals are automatic. A party desiring an appeal has the responsibility of obtaining it. The appeal process does not function like a class action lawsuit, wherein all parties similarly situated are represented by *538 one named party unless they opt out. We therefore conclude that in light of the motion, the order of appeal should be construed to maintain the appeal as to those defendants who appeared at the time of the motion as clients of record of the attorneys submitting the motion.
In his opposition to the motion to dismiss, Mr. Thornhill included a list of defendants who he claimed were represented by the attorneys listed on the motion for appeal. We have reviewed the record to determine the names of the clients of Taylor Caffery and Herold & Geneux, and we note some discrepancies. Mr. Thornhill’s opposition lists Taylor Caffery as one of the claimants represented by the attorneys, and Taylor Caffery’s name appears as an attorney on the motion for appeal. Nevertheless Taylor Caffery’s name does not appear in the record in any capacity, either as attorney or claimant.* Consequently the appellants are limited to clients of Thornhill and He-rold & Geneux.
The record reflects that the following claimants were clients of Mr. Thornhill and Herold & Geneux at the time the motion for appeal was filed, and consequently are appellants in the case:
Rosemary H. Lazard
Eleanor Herold Vallhonrat
Sidney K. Herold
Anne Herold Winks
Sidney Herold Lazard Trust
Millard P. Snyder
Marie Patricia Snyder
Elizabeth Ann Snyder Hamilton
Sarah Jane Snyder
Mary John Snyder
Nancy Lohman Staub
John A. Lohman
Joseph L. Hodges, Jr.
Betty Hodges Mitchell Trust
Mary H. Gray
B.H. Snyder
Luella V. Snyder
W.M. Snyder, Jr.
W.H. Mercer
Linda M. Floyd
James Mercer Argo Irrevocable Trust
Ruth K. Roshton
Beth Lee Fortune Shaw
Maribeth Lee Gamble
Elmo P. Lee, III
David E. Lee
Virginia Loretta Lee
Hibernia National Bank
We are aware that some claimants who do not appear of record may be successors in title to one of Herold & Geneux’s clients. Accordingly the claimants in this lawsuit who are not listed above as having perfected an appeal are hereby granted 30 days to show this court they are clients of Herold & Geneux, and therefore appellants in this lawsuit. Otherwise the motion to dismiss is granted as to all parties not listed above as appellants.
The caption in this suit, incorrectly stated in the motion and order for appeal, is hereby corrected to read McCormick Oil & Gas Corporation, et al., v. The Dow Chemical Company, et al.

 Mr. Thornhill’s list of claimants represented by the attorneys on the motion also includes the following names which we have been unable to find in the record:
Billy R. Eubanks, M.D.
Nathan Goldstein, M.D.
John C. Newsham
Katherine Lee Johnson Trust
Charles Galloway Lee, Jr., Trust
Hazel Killingsworth Lee Income Beneficiary Trust