ON MOTION TO DISMISS APPEAL
Before LOTTINGER, SARTAIN and TUCKER, JJ.
LOTTINGER, Judge.
On February 6, 1970, the Lower Court rendered and signed a judgment confirming a preliminary default taken on February 3, 1970.
*578 On May 4, 1970, within the 90 day delay allowed for the devolutive appeal, a petition for a devolutive appeal by Gus B. Baldwin, Jr., an alleged member of The Pinewood Country Club, Inc., and owner of share #41 of said country club, was filed with the Deputy Clerk of Court for the Twenty-Second Judicial District Court.
This fact is shown by the notation under the heading on the first page of the motion for appeal, which notation was made by the Deputy Clerk and dated May 4, 1970. This filing was well within the 90 day delay allowed for appeal. However, it seems that the Trial Judge refused to sign the order of appeal or fix the bond for the reason which he jotted on the last page of the motion for appeal, which said, “Order denied — mover was not a party or attorney in the suit, and has no standing to appeal from the judgment rendered herein.” The fact that the Judge refused to sign the order was not brought to the attention of appellant’s counsel until May 11, 1970, and from that time until May 26, 1970, appellant’s counsel attempted to and, finally did persuade the Trial Judge to sign the order of appeal and to fix the amount of the appeal bond. When the appellant did obtain the judge’s signature on the order of appeal, the date was May 26, 1970, a date which was not within the 90-day period allowed for appeal. The Trial Judge dated the order of appeal May 4, 1970, though in fact, as shown by the Court Docket, the order was signed on May 26, 1970, and the appeal bond filed May 26, 1970. The appellee is attempting to have the appeal dismissed on the grounds that neither the order of appeal was signed timely nor the appeal bond filed timely.
The order for the appeal was not signed, nor the appeal bond filed, timely as required by LSA-C.C.P. Article 2087, which Article states in pertinent part:
“ * * * an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefore furnished, within ninety days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely: * * * ”
(Emphasis added)
Judgment in this matter was rendered on February 6th, 1970, a Friday; thus the three-day delay for applying for a new trial began on Monday, February 9th and ended on Wednesday, February 11th. As no application for a new trial was made during this time, the ninety day delay for taking the devolutive appeal began on February 12, 1970, and ended on May 12, 1970. The order for the appeal was signed, and the appellant, Gus B. Baldwin, Jr., filed the security for the appeal on May 26, 1970, some fourteen days after the delay had expired. Thus, appellant has failed to perfect this appeal and this Court has no jurisdiction to hear the appeal.
 Article 2121 of the Code of Civil Procedure provides that an appeal is taken by obtaining an order therefor. Filing a petition and order of an appeal with the Clerk prior to the expiration of the delays for appeal does not meet the foregoing requirement. It is counsel’s responsibility to see that an order of appeal is obtained timely and not that of the Clerk of Court.
The failure to obtain timely the Trial Judge’s signature to the order granting the appeal or the failure to timely furnish the security for said appeal, or the failure to timely apply to this Court for supervisory writs of mandamus to force the Trial Judge to sign the order of appeal is fatal to the appeal and as a result, the appeal is dismissed for want of jurisdiction. See Thomas v. Reliance Ins. Co. (La.App., 4th Cir., 1968) 215 So.2d 515.
Appeal dismissed at appellant’s costs.