303 So.2d 289 (1973)
John M. CARVILLE
v.
The CITY OF PLAQUEMINE et al.
No. 9602.
Court of Appeal of Louisiana, First Circuit.
August 22, 1973.
Rehearing Denied February 15, 1974.
*290 Ben W. Lightfoot, Baton Rouge, for appellant.
Joseph B. Dupont, Plaquemine, for defendant, Chief of Police.
Kenneth E. Barnette, Baton Rouge, for defendant-appellee, City of Plaquemine.
Before LANDRY, SARTAIN and PICKETT, JJ.
LANDRY, Judge.
Defendants-appellees have moved to dismiss the devolutive appeal of plaintiff (Appellant) herein from the judgment of the trial court dismissing Appellant's action as of nonsuit for failure of Appellant to post security for costs as ordered. Appellant sought an injunction against defendants. Movants contend the appeal is untimely in that it was not taken and perfected within the 15 day delay allowed for appeals relating to injunctions as provided in LSA-C.C.P. art. 3612. We deny the motion to dismiss.
Appellant brought this action against the City of Plaquemine, its Mayor, Harry K. Gallager, and then Chief of Police, Dennis Songy, to terminate an alleged trespass upon Appellant's home premises. It is averred that defendants have disturbed Appellant's peaceful possession by erecting a "one way sign" on Appellant's front lawn. On authority of LSA-C.C.P. art. 3663, Appellant seeks removal of the sign, an injunction against its re-erection on his premises and damages.
Movants obtained an order below requiring Appellant to post bond for costs in the sum of $1,800.00. On Appellant's failure to post the cost bond ordered, Movants obtained judgment dismissing Appellant's action as of nonsuit. In essence Movants contend the judgment ordering Appellant to post a cost bond is an interlocutory judgment which is not appealable without a showing of irreparable injury, and that the appeal taken from the judgment dismissing Appellant's action as of nonsuit was not timely taken and perfected. We find no merit in the argument that the judgment ordering the posting of a bond for cost is nonappealable and nonreviewable because it is interlocutory in nature. It is well settled that while an interlocutory judgment is not itself appealable in the absence of a showing of irreparable injury, nevertheless, it is subject to review on appeal of an appealable judgment rendered in the case. Nicholson v. Holloway Planting Co., Inc., La.App., 262 So.2d 176. It follows that when plaintiff appealed the judgment dismissing his action as of nonsuit, his appeal included the review" of all interlocutory orders or judgments prejudicial or adverse to him. Bielkiewicz v. Insurance Company of North America, La.App., 201 So.2d 130; Texas Gas Transmission Corporation v. Soileau, La.App., 251 So.2d 104. The pivotal *291 issue, therefore, is whether plaintiff's appeal was timely.
The right of appeal from judgments relating to preliminary and permanent injunctions is governed by LSA-C.C.P. art. 3612. The pertinent article requires that an appeal from a judgment relating to a preliminary injunction must be perfected within fifteen days of the order or judgment. Official Revision Comment (b) to Article 3612, above, makes it clear that the fifteen day delay period therein provided for does not apply to judgments relating to permanent injunctions.
LSA-C.C.P. art. 2087 provides that except as otherwise provided in said article or other law, a devolutive appeal may be taken from a judgment and security therefor furnished within 90 days of the occurrence of certain specified events. Article 2087, above, has been held applicable in the case of a devolutive appeal from a judgment relating to a permanent injunction. Pier I Imports, Inc. v. Sargent Pitcher, Jr., La.App., 264 So.2d 674.
Appellant's petition prays that judgment be rendered "... against the defendants permanently enjoining them and each of them from trespassing on The Property and ordering and commanding them and each of them to remove the sign erected by them on The Property."
The judgment appealed herein was signed May 2, 1973. Appellant applied for and was granted a devolutive appeal on June 19, 1973, conditioned upon Appellant posting an appeal bond in the sum of $1,000.00. The required bond was filed June 19, 1973.
Since this is an appeal from the dismissal of an action seeking a permanent injunction, the appeal is timely in that it was taken and security therefor furnished within 90 days as required by LSA-C.C.P. art. 2087.
The motion to dismiss the appeal is denied. Movants are cast in solido for such costs incident to this motion for which movants may be liable according to law.
Motion denied.