SCHOTT, Judge.
This is before us on a motion to dismiss for lack of jurisdiction based upon the *721 failure of the appellant to file his appeal bond within the time specified by LSA-C. C.P. Art. 2087.
On April 12, 1973, judgment was signed in favor of plaintiff against both defendants. On April 16, 1973, defendant, Ford Motor Company, filed a rule against plaintiff and co-defendant, Canal Motors, Inc., to show cause why a new trial should not be granted. On May 22 the trial court made the rule absolute and ordered a new trial limited to reargument, and on May 22 the judgment was amended but was in favor of plaintiff and against the two co-defendants. On June 12 plaintiff filed a motion for a suspensive appeal from the judgment of May 22, and as a part of that document the trial judge signed the following order:
“IT IS ORDERED that a suspensive appeal be granted to the plaintiff, Thomas B. Martin, returnable to the Fourth Circuit Court of Appeal on the J_st day of August, 1973, upon his furnishing bond with good and solvent surety conditioned as the law directs, in the amount ef O.P.C._ _ Dollars ■($
“New Orleans, Louisiana, this 12th day of June, 1973.
/s/ Oliver P. Carriere JUDGE”
The judge in his own hand had stricken out the words “in the amount of” and “Dollars ($.” On September 12, 1973, plaintiff filed a “suspensive appeal bond” in the amount of $250.00
Giving plaintiff-appellant the benefit of every doubt the last day for the filing of the bond for a devolutive appeal was August 23, 1973, but appellant contends that he should not be charged with the responsibility for his failure to file the bond timely since LSA-C.C.P. Art. 2124 provides that “the security to be furnished for a devolutive appeal shall be fixed by the trial court at an amount sufficient to secure the payment of costs.”
In the case of Hawkins v. Shropshire, 275 So.2d 821 (La.App. 4th Cir. 1973) this Court held that we have no jurisdiction over an appeal in the situation where the trial judge failed to set bond and the appellant failed to file a bond within the time prescribed by LSA-C.C.P. Art. 2087. On that point the instant case cannot be distinguished from the cited case and the appeal must be dismissed at the cost of the appellant.
Appeal dismissed.