SAMUEL, Judge.
The matter now before us is our ex pro-prio motu order to the parties to show cause why this appeal should not be dismissed for apparent failure to timely file an appeal bond, a jurisdictional question.
On April 30, 1974, the judge of the Second Parish Court for the Parish of Jefferson rendered judgment permitting the filing of a plaintiff supplemental and amended petition and issuing a preliminary injunction in favor of the plaintiffs. The injunction prevented execution of a money judgment pending this suit to annul that judgment.[1] There was no application for a new trial. On May 3, 1974, the defendant filed her motion for appeal. The motion was not signed by the trial judge until May 14, 1974. Notice of appeal was mailed to the appellant and received by her on May 15, 1974.
Appellant contends in brief that the trial judge did not set the amount of the appeal bond at the time he signed the order of appeal, and this contention is confirmed by the notice of appeal which contains a series of x’s in the blank supplied for the amount of the bond. The blank in the order of appeal supplied for insertion by the judge of the amount of the bond now contains the figure “20000”. We are satisfied the figure was inserted by the trial judge subsequent to the date he signed the order of appeal, but the record does not reveal when the insertion was made. The only appeal bond furnished by the appellant, in the amount of $200, was filed on May 28, 1974.
Appellant makes the following contentions: (1) as this is an appeal from a *795 judgment relating to a preliminary in junetion, pursuant to Code of Civil Procedure Article 3612 the delay for taking the appeal and furnishing the bond is 15 days from the date of the judgment; and (2) the appeal cannot be dismissed because any delay beyond the time allowed for taking the appeal and furnishing the bond is not imputable to the appellant.
Regarding the first contention, civil pror cedure in the Second Parish Court for the Parish of Jefferson is governed by the provisions of R.S. 13:2562.10, which makes Book 8 of the Code of Civil Procedure applicable to civil proceedings in that court unless otherwise provided by the statute. The portion of Book 8 here applicable is Title III, which is composed of Articles 5001 and 5002. Article 5001 states that, except as provided in Article 5002, the procedure in a civil case in a court of limited jurisdiction which does not have concurrent jurisdiction with a justice of the peace court shall be the same as civil cases in the district court of the parish. Article 5002 states a devolutive or suspensive appeal may be granted if applied for within ten days after the expiration of the delays for applying for a new trial, or within ten days of the denial of a new trial, and the appeal bonds therefor must be filed within the same delays.[2]
On the other hand, Article 3612 of the Code of Civil Procedure, upon which appellant relies, provides’ that an order or judgment relating to a preliminary injunction must be taken and the appeal bond furnished within 15 days from the date of the order or judgment. It does appear that Articles 5001 and 5002, and not Article 3612, are controlling here because this appeal is from a court of limited jurisdiction, those two articles specifically cover appeals from such courts and, insofar as those courts are concerned, Articles 5001 and 5002 preempt all other appeal provisions contained in the Code of Civil Procedure.[3] However, we do not reach the question because in either event, whether the time for taking the appeal and filing the bond is 10 days or 15 days, the bond filed on May 28, 1974 was not filed timely.
As has been said, the judgment appealed from is dated April 30, 1974. Since no notice of judgment was required by Code of Civil Procedure Article 4898, the three days during which application for a new trial could be made were May 1, 2 and 3, 1974. If the period for taking the appeal and filing the bond is 10 days, the last day of that period was May 13, 1974. If that period is 15 days, the last day for taking the appeal and furnishing the appeal bond was May 20, 1974.
*796 We do not agree with appellant’s second contention, that her appeal should not be dismissed because the delay in furnishing the bond is not imputable to her. Our jurisdiction to review the judgment appealed from does not attach unless the appeal bond is timely filed, and the trial judge cannot extend the time for filing that bond. On several occasions this court has held it has no jurisdiction over an appeal when the trial judge fails to set bond and this results in the appellant failing to file a bond within the time prescribed by law for so doing.[4] Mere filing of a motion for appeal does not impose a duty upon the clerk of court to have the amount of appeal bond set by the trial judge. That duty rests directly upon, and is imputable to, the appellant.
In the cited Fidelity Bank case,[5] the trial judge refused to sign a motion for a devol-utive appeal and refused to fix the amount of the appeal bond because the person presenting the motion was technically not a party to the proceeding. Counsel of record eventually pursuaded the judge to grant the appeal and to fix the bond, but the appeal bond was not timely filed. In dismissing the appeal, the court squarely held it is the responsibility of counsel for the appellant, and not the responsibility of the clerk of court, to see that a completed order of appeal is timely obtained.
For the reasons assigned, the appeal from the April 30, 1974 judgment is dismissed and the matter is remanded to the Second Parish Court for the Parish of Jefferson for further proceedings in accordance with law; costs in this court to be paid by the appellant; all other costs to await a final disposition.
Appeal dismissed; remanded.

. See the same case, Rodrigue v. Ziifle, La.App., 238 So.2d 630.

. In pertinent part, Article 5002 reads:
“A defendant shall incorporate in his answer all of the exceptions on which he intends to rely. No prior default is necessary, and judgment may be rendered as provided in Article 4896. Notice of the rendition of judgment is not necessary, except as provided in Article 4898. The delay for answering garnishment interrogatories shall be five days, exclusive of legal holidays.
A new trial may be applied for within three days, exclusive of legal holidays, of the date of judgment or of the service of notice of judgment when necessary.
A devolutive or suspensive appeal to the proper appellate court may be granted if applied for within ten days after the expiration of the delays for applying for a new trial, or within ten days of the denial of a new trial.
The suspensive appeal bond, as required by the applicable provisions of Article 2124, must be filed within the delays allowed above for a suspensive appeal.
The devolutive appeal bond, as required by the applicable provisions of Article 2124, must be filed within the delays allowed above for a devolutive appeal.” LSA-C.C.P. Art. 5002.

. Article 5001 reads:
“Except as otherwise provided in Article 5002, the procedure in a civil case in a city court of which a justice of the peace does not have concurrent jurisdiction is the same as that provided by law for a civil case in the district court of the parish in which the municipality is situated.” LSA-C.C.P. Art. 5001.

. Martin v. Canal Motors, Inc., La.App., 292 So.2d 720; Hawkins v. Shropshire, La.App., 275 So.2d 821; Fidelity B. & T. Co. of Slidell v. Pinewood Country Cl., La.App., 250 So.2d 577.

. Citation footnote 4.