PER CURIAM.
Trial was held below in this matter on December 5, 1974. The judge below signed the judgment complained of herein on February 19, 1975, dismissing plaintiff’s suit at his cost. On February 25, 1975, plaintiff-appellant filed a motion for a new trial. The court set the rule to show cause why a new trial should not be granted for March 7,1975.
The minutes reflect that on March 7, 1975, the motion for a new trial was called, and no one appearing, the judge below denied the motion. On March 10, 1975, plaintiff-appellant filed a motion to continue the March 7, 1975, hearing on the motion for a new trial. The motion for a continuance is not signed by the judge below.
In a letter dated March 19, 1975, the Clerk of Court of St. Tammany Parish notified plaintiff-appellant that the motion for a new trial had been denied on March 7, 1975, and, thus, the motion for continuance was not timely.
Plaintiff-appellant procured an order for a devolutive appeal on May 30, 1975, returnable on July 25, 1975, and filed a bond in proper amount on June 9, 1975.
La.C.C.P. Art. 2087 establishes the delay within which an appellant may perfect an appeal as being within ninety days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the application is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.” (Emphasis added)
Plaintiff-appellant was not entitled to notice under La.C.C.P. Art. 1914 because the lower court did not take the motion for new trial under advisement and plaintiff-appellant had not filed a written request for such notice.
Therefore, the ninety day delay allowed plaintiff-appellant to perfect his appeal began on March 7, 1975, the date the motion for a new trial was denied, and ended on June 5, 1975. The bond filed on June 9, 1975, was not timely.
Accordingly, we dismiss the appeal ex proprio motu as the record establishes that we have no jurisdiction.
Appeal dismissed.