347 So.2d 1215 (1977)
James D. WILLIE
v.
OTASCO, and Insurance from CNA.
No. 11484.
Court of Appeal of Louisiana, First Circuit.
June 13, 1977.
Rehearing Denied July 11, 1977.
*1216 Frederick R. Bott, New Orleans, for appellant.
James R. Jenkins and Mike J. Balen, Covington, for appellees.
Before LANDRY, EDWARDS, and COLE, JJ.
EDWARDS, Judge.
This is a suit for workmen's compensation benefits brought by James D. Willie against Otasco and Insurance from CNA.[1] The trial court rendered a default judgment; and the defendants appealed. The case is presently before us on a motion to dismiss the suspensive appeal.
A judgment upon confirmation of default was rendered against the defendants on November 12, 1976. Notice of judgment was subsequently served on the defendants on December 2nd and 3rd, 1976.
On December 8, 1976, defendants filed a "Motion to Annul Judgment, or, Alternatively, for a New Trial." This motion was denied and a judgment to that effect signed on January 14, 1977.
Defendants filed a petition for appeal on February 14, 1977, but the attached order granting the "suspensive and devolutive" appeal and setting the amount of the devolutive appeal bond was not signed by the trial judge until February 18, 1977. An appeal bond in the amount required by law for a suspensive appeal was also filed on February 14, 1977.
On March 23, 1977, plaintiff filed a motion to dismiss the suspensive appeal on the grounds that this Court lacks jurisdiction to hear the appeal. This contention is based on the defendants' failure to obtain an order of appeal within the 30 day period of LSA-C.C.P. art. 2123.
*1217 We consider the motion to dismiss, though filed beyond the three day limitation of LSA-C.C.P. 2161, as it alleges a jurisdictional defect. American National Ins. Co. v. Ramon, 204 So.2d 798 (La.App. 4th Cir. 1967).
There are two requirements which must be fulfilled within the appropriate delays in order to perfect timely an appeal. These are (1) obtain an order of appeal from the court which rendered the judgment, (2) file a sufficient appeal bond. LSA-C.C.P. articles 2121 and 2123.
The delay within which to take a suspensive appeal is provided for in LSA-C.C.P. art 2123:
"Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken and the security therefor furnished, only within thirty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914."
Since defendants in the instant case filed an application for a new trial, the time from which the 30 day period commences is determined by whether or not notice was required under LSA-C.C.P. art 1914 of the court's refusal to grant a new trial.
The minutes reflect that on January 14, 1977, the motion for a new trial was called and the defendants did not appear. Thereupon, the motion was denied and judgment to that effect signed. It is clear that the motion was not taken under advisement and that defendants did not file a request for notice as provided in LSA-C.C.P. art 1914. Therefore notice was not required. Crouse v. Bogil, 328 So.2d 801 (La.App. 1st Cir. 1976). Accordingly the 30 day period within which to perfect a suspensive appeal expired on February 14, 1977. LSA-C.C.P. art 2123(2).
Since the order of appeal in this case was not granted until it was signed by the trial court on February 18, 1977, the defendants have not satisfied the first requirement for a suspensive appeal as above stated and we are without jurisdiction to hear their appeal suspensively.
However, in "every appeal, whether it be denominated suspensive, devolutive, both or neither, there is only one appeal; and if taken timely and bond timely furnished in the amount determined by law or as ordered by the court, the appellants' right of appellate court review is insured. The time of filing and the amount merely determines its effect on execution of the judgment pending appeal." Lakeside Rambler Sales, Inc. v. Durad Corporation, 228 So.2d 745, 749 (La.App. 4th Cir. 1969).
As the order of appeal, granting a "suspensive and devolutive" appeal, and the appeal bond, in an amount exceeding that ordered by the trial court, were filed within the delay allowed for a devolutive appeal, and the defendants' right to a devolutive appeal was preserved. LSA-C.C.P. articles 2087 and 2121.
For the reasons assigned, the motion to dismiss is granted insofar as it seeks dismissal of the suspensive appeal. We however, retain jurisdiction to review this matter as a devolutive appeal.
MOTION TO DISMISS SUSPENSIVE APPEAL GRANTED. DEVOLUTIVE APPEAL MAINTAINED.
NOTES
[1] Defendants contend that they should have been sued under the names Rapid American Corporation and Continental Casualty Company, respectively.