357 So.2d 67 (1978)
KILCREASE, EHLINGER AND FAULKNER, INC. d/b/a the KEF Corporation
v.
Janet C. McLEOD and W. J. Tessier, Realtor, a partnership.
No. 8897.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1978.
Rehearing Denied April 11, 1978.
George Scariano, Scariano & McCranie, Metairie, for Kilcrease, Ehlinger & Faulkner, Inc., d/b/a The KEF Corp., plaintiffappellee.
Edmond H. Fitzmaurice, Jr., New Orleans, for appellee.
Edward J. Villere, New Orleans, for Janet C. McLeod, defendant-appellant.
Before BOUTALL, SCHOTT and GARSAUD, JJ.
*68 BOUTALL, Judge.
This is an appeal from two judgments on a motion to withdraw funds held in the Registry of Court, allowing the plaintiff and a defendant/intervenor to withdraw sums prayed for and won under previous judgment of the District Court.
The original lawsuit was begun by a petition to enforce an agreement to purchase or sell real estate, praying for 1) specific performance by Janet McLeod, one defendant, on a contract to buy from the plaintiff the property at 3116 5th Street, Metairie, La., or alternatively 2) $34,400 cash from McLeod representing her two deposits of earnest money, or alternatively 3) to order Tessier, the second defendant, a realtor handling the transaction, to turn over to plaintiff a $15,000 cashier's check and a $19,400 note of McLeod's which represent McLeod's earnest money deposits with Tessier as real estate agent. Tessier intervened for his agent's commission of $5,820.00 by third party demand and deposited the certified check and note in the Registry of Court.
Kilcrease, the plaintiff, and Tessier both moved for summary judgment, which resulted in judgment of September 25, 1975 as follows:
"After hearing the argument of counsel:
IT IS ORDERED, ADJUDGED AND DECREED that the motions for summary judgment, filed on behalf of Kilcrease, Ehlinger and Faulkner d/b/a The KEF Corp. and W. J. Tessier, are hereby granted, and the suits against these parties are hereby dismissed."
The motions for summary judgment referred to do not specify which of Kilcrease's three alternative demands is sought but merely moves for summary judgment for plaintiff.
This judgment was appealed to this court by defendant McLeod under our previous appeal, # 7848, but was dismissed on McLeod's own motion January 6, 1977. No further action was taken, and that judgment has now become final and definitive. C.C.P. 1842.
Subsequently, Kilcrease and Tessier under the judgment of September 25, 1975 moved the District Court to withdraw the funds granted them. After hearing, these motions were granted and from this defendant McLeod appeals.
Appellant attempts to attack the prior judgment of September 25, 1975 collaterally through this appeal. She sets out as error that this prior judgment was "ineffective" or defective because of three points raised in McLeod's answer to the motion to withdraw funds, i. e.:
1.) That under the terms of the September 25, 1975 judgment as written, it is impossible to determine what relief should be granted, since it does not specify which of plaintiff Kilcrease's alternative demands is granted, and is thus ambiguous.
2.) That the Motions to Withdraw Funds of Kilcrease and Tessier are conflicting and cannot both be granted.
3.) That Kilcrease cannot comply with the judgment of September 25, 1975, in regard to specific performance, because Kilcrease has since sold the property in question to another.
Appellant argues that because of these three specifications, "It is impossible to determine what relief should be granted and to whom."
In construing an ambiguous judgment, resort may be had to the entire record to aid in arriving at its meaning or to clarify its intentions, where susceptible of different constructions regarding material parts. Rodrigue v. Ziifle, 288 So.2d 630 (La.1974), Appeal after remand 297 So.2d 793 (La.App. 4th Cir. 1974); Lumbermen's Mutual Cas. Co. v. Younger, 158 So.2d 341 (La.App. 3rd Cir. 1963).
By reference to the record, we see that two alternative demands of plaintiff have become moot, since rendition of judgment on appeal could not now have any practical legal effect on the controversy. Cook v. Cook, 320 So.2d 612, (La.App. 4th Cir. 1975).
By appellant's own admission as seen in his Opposition to Motions to Withdraw *69 Funds, the property has since been sold, and plaintiff Kilcrease's alternative demand for specific performance, if still sought after the judgment of Sept. 25, 1975, has become moot. Kilcrease's prayers for $34,400 cash or alternatively the $15,000 cashier's check and $19,400 note, amount to the same thing. Kilcrease by Motion to Withdraw funds has asked and received the note plus the remaining cash after Tessier's agent's commission was withdrawn by him. By this action Kilcrease has acknowledged Tessier's claim to his commission of $5,820.00 prayed for, which had been granted by the judgment of Sept. 25, 1975.
Therefore, there is no real conflict between Kilcrease's demand and Tessier's demand by their motions to withdraw funds and there is no ambiguity left in the judgment of Sept. 25, 1975, only one logical meaning being left to it after reference to other parts of the record: that of adjudication to Tessier of his $5,820.00 agent's commission, and to Kilcrease of the remaining cash amounting to $9,180.00 and the $19,400.00 note.
The judgment of Sept. 25, 1975 not being void on its face ab initio, having been rendered by a court of competent jurisdiction, cannot be collaterally attacked. Price v. Price, 326 So.2d 545 (La.App. 3rd Cir. 1976); Collins v. Zachary Hardwood Lumber Co., 207 So.2d 796 (La.App. 1st Cir. 1968).
No errors are specified to the two judgments on the motions to withdraw funds appealed from, nor any irregularity alleged to the deposit of funds. On the face of the record we see no error here, and indeed they flow logically from and reinforce the construction of the judgment of Sept. 25, 1975, as outlined above.
Accordingly, the judgments appealed from are affirmed.
AFFIRMED.