COVINGTON, Judge.
This Court, on its own motion, found an apparent defect in the appeal taken herein, namely, that the appeal bond was not timely filed. Consequently, the parties hereto, in response to our show cause order, filed briefs directed to that issue.
All pertinent events occurred in 1977. The judgment was signed on June 24; on July 6 the plaintiff, Joan D. McLaughlin, deposited a motion for a new trial, with proper costs, in the office of the Clerk of Court. However, the motion was not mark *1227 ed “filed” until July 11, on which date it was signed by the Judge. On August 16, the motion was denied. The plaintiff obtained an order for a devolutive appeal on September 6 and filed the requisite bond on September 26, which was within the 60 day period prescribed by C.C.P. art. 2087 if we determine that the motion for a new trial was timely.
The motion was timely if it was filed within seven days, exclusive of holidays, after the date on which the judgment was signed, C.C.P. art. 1974. In computing the time, we find that June 24 was a Friday; June 25 and 26 and July 2 and 3 were Saturdays and Sundays; July 4 is a recognized legal holiday; thus, those five days are excluded. The seven judicial days were June 27, 28, 29 and 30 and July 1, 5 and 6.
Counsel for the appellant submitted his affidavit that he deposited the motion, and costs for filing same, with the Clerk’s office on July 6. This is corroborated by the date on the check and, also, to some extent by the affidavit of Lawrence D. Owens, a Deputy Clerk of Court, which states that the Clerk’s cash book reflects that the deposit was in fact advanced by the appellant on July 6. Also, his affidavit states that it was not a rare practice for the Clerk’s personnel to wait until a document, which required the signature of a Judge, was actually signed before it was marked “filed” by the Clerk or one of his deputies.
We conclude that the motion for a new trial was timely filed, since the pleading was “filed” when it was deposited with the Clerk’s office on July 6. The marking of it as being “filed”, and the date being designated, is mere evidence of the act of filing. Lambert v. Kelley, 270 So.2d 532 (La., 1972). Thus, the devolutive appeal was perfected timely.
Additionally, this result is supported by the longstanding policy of the law favoring appeals; Davidge v. Magliola, 346 So.2d 177 (La., 1977). The failure of the Clerk’s office to promptly record the pleading as “filed” on the date it was deposited, together with the proper costs, is not an “irregularity, error or defect” imputable to the appellant; C.C.P. art. 2161.
For the foregoing reasons, we find the appeal bond was filed timely and that this devolutive appeal was timely perfected. Therefore, we recall and vacate our rule to show cause why the appeal should not be dismissed, and hold that this Court has jurisdiction to consider said appeal.
RULE TO SHOW CAUSE RECALLED AND VACATED.