WATKINS, Judge.
Appellee, Pete Hirschey, filed a motion to dismiss the suspensive appeal filed herein by appellant, Sherman A. Bernard, for the reason that appellant’s motion for suspen-sive appeal was not filed within the delay authorized by law. A show cause order was issued by this Court to which appellant has not responded.
This is a motion to dismiss an unlodged appeal. Since the record is not available, and appellant has not responded, we assume the facts as represented by appellee are accurate.
Judgment in the trial court was read and signed on November 28, 1979. Appellant filed a motion for a new trial on December 6, 1979, and this motion was denied *1134 by the trial court on December 7, 1979. Appellant later filed a Motion for Appeal, both suspensive and devolutive, on January 28, 1980. The order granting the appeal was also signed on January 28, 1980. No written request for Notice of Judgment was filed by defendant-appellant as provided in LSA-C.C.P. art. 1914.
The delay within which to take a suspen-sive appeal is provided for in LSA-C.C.P. art. 2123 as follows:
“Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of:
“(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
“(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
“(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.”
Since appellant was not entitled to notice under LSA-C.C.P. art. 1914, the 30 day period within which to perfect a suspensive appeal commenced to run December 7,1979, the date of the denial by the trial court of appellant’s motion for a new trial, and expired on January 7, 1980. The order of appeal was not granted until January 28, 1980. Clearly appellant has not met the requirements of law with regard to a sus-pensive appeal and we are without jurisdiction to hear his appeal suspensively. See Willie v. Otasco, 347 So.2d 1215 (La.App. 1st Cir. 1977).
As the order of appeal granted appellant a suspensive and devolutive appeal, and was granted within the delay allowed for a devolutive appeal, the appellant’s right to a devolutive appeal has been preserved. LSA-C.C.P. art. 2087.
For the above reasons, the motion to dismiss is granted insofar as it seeks dismissal of the suspensive appeal. We retain jurisdiction to review this matter as a devolutive appeal.
MOTION TO DISMISS SUSPENSIVE APPEAL GRANTED. DEVOLUTIVE APPEAL MAINTAINED.