387 So.2d 643 (1980)
Brigida HALL
v.
BOARD OF SUPERVISORS, SOUTHERN UNIVERSITY, etc., and Niagara Fire & Marine Insurance Company.
No. 13801.
Court of Appeal of Louisiana, First Circuit.
June 12, 1980.
Writ Refused October 6, 1980.
*644 Steve LeBlanc, Baton Rouge, for appellant.
John B. Noland, Baton Rouge, for appellees.
Before EDWARDS, LEAR and WATKINS, JJ.
LEAR, Judge.
Defendants-appellees, Southern University Board of Supervisors and Niagara Fire & Marine Insurance Company, have moved this court to dismiss the appeal of plaintiff-appellant, Brigida Hall, for her alleged failure to timely perfect her right. This court issued a show cause order and both sides have filed reply briefs.
Succinctly, judgment was entered below on March 3, 1980. The delays for filing for a new trial expired on March 12, 1980. On May 2, 1980, appellant's attorney filed a petition for appeal with order which was duly received and filed by the clerk. Notwithstanding, the trial judge did not act until May 15, 1980, when he signed the order of appeal. This, however, occurred three (3) days after the expiration of the sixty (60) days allowed by C.C.P. art. 2087.
Defendants-appellees contend that the order of appeal was not timely signed in accord with C.C.P. art. 2087 and that, therefore, the appeal should be dismissed.
Plaintiff-appellant argues that she clearly filed her "petition for appeal" well within the period prescribed; that she should not be penalized for the failure of the trial judge to timely sign the order. We agree.
Code of Civil Procedure article 2161 provides in pertinent part:
"An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. . . ."
The failure of the clerk's office to promptly deliver appellant's motion and order to the trial judge or of the trial judge to promptly consider and sign the same is not an irregularity, error or defect imputable to the appellant. McLaughlin v. Home Indemnity Insurance, 361 So.2d 1226 (La.App. 1st Cir. 1978); Davidge v. Magliola, 346 So.2d 177 (La.1977).
For the foregoing reasons, we find that the error or defect is not and should not be imputable to the appellant and that this appeal was timely perfected. Therefore, we recall and vacate our rule to show cause why the appeal should not be dismissed, and we further hold that this court has jurisdiction to consider this appeal.
RULE TO SHOW CASE RECALLED AND VACATED.