LOTTINGER, Judge.
Appellees, Gulf Coast Aluminum Corporation, Consolidated Aluminum Corporation and Conalco, Inc., filed a motion to dismiss the unlodged appeal by appellant, Joseph N. Traigle, Collector of Revenue, State of Louisiana, as not being timely.
From both briefs we glean the following facts. Judgment was signed and notice mailed to all parties on January 30, 1980. The delays for applying for a new trial expired on February 8. La.C.C.P. art. 1974. A new trial was not applied for, therefore the devolutive appeal delay expired on April 8. La.C.C.P. art. 2087. On March 3 appellant mailed to the clerk of court for East Baton Rouge Parish a pleading entitled “petition and order for appeal,” which was filed on March 6, though no order of appeal was actually included in the pleading mailed. Again, on April 2 an order of appeal was mailed to the clerk of court, which order was filed on April 7. The appeal order was eventually signed on April 14, 1980.
Appellees-movers cite Fidelity Bank & Trust Co. of Slidell v. Pinewood Country Club, Inc., 250 So.2d 577 (La.App. 1st Cir. 1971), whereas appellant cites Hall v. Board of Supervisors, Southern University, La.App., 387 So.2d 643.
In Fidelity, this court held that:
“Article 2121 of the Code of Civil Procedure provides that an appeal is taken by obtaining an order therefor. Filing a petition and order of an appeal with a clerk prior to the expiration of delays for appeal does not meet the foregoing requirement. It is counsel’s responsibility to see that an order of appeal is obtained timely and not that of the clerk of court.”
See also Abernathy v. Stanley A. LaFargue and Associates, Inc., 382 So.2d 1002 (La.App. 1st Cir. 1980); Willie V. Otasco, 347 So.2d 1215 (La.App. 1st Cir. 1977); Thomas v. Berman, 308 So.2d 797 (La.App. 4th Cir. 1975); Rodrigue v. Ziifle, 297 So.2d 793 (La.App. 4th Cir. 1974).
In Hall v. Board of Supervisors, Southern University, supra, a panel of this court without citing Fidelity Bank & Trust Co. of Slidell v. Pinewood Country Club, supra, or Willie v. Otasco, supra, but rather relying on Davidge v. Magliola, 346 So.2d 177 (La.1977) and McLaughlin v. Home Indemnity Insurance, 361 So.2d 1226 (La.App. 1st Cir. 1978), held that “the failure of the clerk’s office to promptly deliver appellant’s motion and order to the trial judge or of the trial judge to promptly consider and sign the same is not an irregularity, error or defect imputable to the appellant.” In McLaughlin, supra, the question was the timeliness of a motion for a new trial,[1] and in Davidge, supra, the question was who has the responsibility for obtaining an extension of the return day.
Inasmuch as there are conflicting opinions from this circuit (Fidelity and Hall) this court, under the Internal Rules, Court of Appeal, First Circuit, shall resolve the difference by sitting en banc.
Is a devolutive appeal perfected by the timely presenting of the order of appeal to the clerk of court or the judge, or by the timely signing or granting of the order of appeal? This is the issue that must be decided.
It is well settled that the law favors appeals. La.C.C.P. art. 2161 in pertinent part provides:
“An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant.”
*1292 But the law is also clear that “an appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment.” La.C.C.P. art. 2121.
Does an appellant fulfill the clear mandate of Article 2121 by merely filing an unsigned order of appeal with the clerk of court, or mailing to the clerk of court an order of appeal with a written request that same be presented to a judge for his signature, or that an order be deposited with the judge’s secretary in hopes that she will secure her boss’s signature?
These are all occurrences that commonly take place. The practitioner is too busy to personally seek out the judge for his signature, or too busy to wait to personally obtain the judge’s signature, or too busy to go to the judge’s office. Rather, we find the U. S. Postal service used to deliver a request across town or from another parish, or an employee not trained in the significance of a timely order of appeal is assigned an all important task of securing a judge’s signature or delivering an appeal order for signature. Appellants often mail appeal orders to the clerk of court or to the judge not knowing whether they will ever be received, and if received, when.
We are of the opinion that Article 2121 is clear. It is not the filing of an unsigned order of appeal with some individual in an office that perfects an appeal, rather, it is the timely obtaining of a proper signature on that order, or the timely granting of an oral motion, that perfects the appeal. When an appellant relies on the U. S. Postal Service, an accommodating clerk of court or a willing secretary to secure an order of appeal, and the order is not timely signed, then the fault must lie with the appellant. It is imputable to him.
Should this court, much less the appellate courts of this state, refuse to dismiss an appeal where an order is not granted timely under the guise that appeals are favored and any fault in not having the order signed timely should fall on someone other than the appellant? We think not. The responsibility of obtaining a timely order of appeal properly belongs to appellant and to neither the clerk of court nor the judge. It is not the responsibility of either of these officials to do the work of a party litigant or counsel.
In Davidge v. Magliola, supra, our Supreme Court did hold that it was the responsibility of the clerk of court to seek an extension of the return day for an appeal when the record could not be lodged timely because appellant had not paid the court reporter fee. However, the court relied on La.C.C.P. art. 2125 for its authority. Under the instant facts, we know of no statutory requirement making it incumbent on the clerk of court to guarantee that a judge sign an order of appeal timely.
We realize that the clerk of court may grant an appeal and fix the return day whether the district court judge is absent from the parish or not. La.C.C.P. arts. 282 and 285. However, this authority, which is rarely used, places no more responsibility on the clerk than is placed on the judge to sign an appeal order timely. If the clerk is requested to sign the order and he refuses, or even if the judge refuses to sign, a writ of mandamus to this court would be the proper remedy. But that is seldom the problem. The true fault is with the appellants in expecting someone to do their work for them, and then in not adequately following up to guarantee that it has been done.
We are convinced that with the legislature’s amendment of La.C.C.P. art. 2124[2] to delete the requirement of security for a devolutive appeal, there is no longer any viable reason to continue to require an order for a devolutive appeal. It would seem that all that would be necessary would be the timely filing of an appropriate notice of appeal in the record of the proceeding. This, however, is not the law, and Article 2121 was not changed. Therefore we must continue to require the timely granting of an order of appeal. This is a change that properly addresses itself to the legislature.
*1293 Considering the views expressed above, we overrule the opinion of this court in Hall v. Board of Supervisors, Southern University, supra.
Therefore, for the above and foregoing reasons, the appeal is dismissed at appellant’s costs.
APPEAL DISMISSED.
EDWARDS, J., concurs and assigns reasons.
ELLIS, J., dissents and assigns reasons.
CHIASSON, WATKINS and LEAR, JJ., dissent for reasons assigned by ELLIS, J.

. La.C.C.P. art. 2087(1) makes reference to an application for a new trial that had been filed timely, whereas La.C.C.P. art. 2121 speaks of “obtaining an order,” which implies a signature vis-a-vis the filing.

. Act 176 of 1977 Regular Session.