SAMUEL, Judge.
This is a devolutive appeal from a judgment maintaining an exception of prescription and dismissing plaintiff’s suit against the appellee, Pepper and Associates, Inc. The matter is now before us solely on our ex proprio motu rule to show cause why the appeal should not be dismissed.
The judgment appealed from was signed by the trial judge on January 17, 1980. Appellant timely filed a motion of appeal, but the trial judge did not sign the order of appeal until after the expiration of the delay for taking the appeal as provided by Article 2087 of the Code of Civil Procedure. The question presented is whether the appeal should be dismissed because the order was not signed timely.
Appellant argues he filed his appeal timely, and he should not be penalized because the clerk did not present the motion and order to the trial judge for signature until after the expiration of appeal delay. We understand the practice in this trial court is for the clerk to present such orders to the trial judge accompanied by the pertinent record, and in this proceeding the record was not available because another appeal was pending in the same case.[1]
Code of Civil Procedure Article 2161 provides:
*872 “An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant.” (emphasis ours). LSA-C.C.P. Art. 2161.
This court previously has stated an appeal must be dismissed when the appellant’s order of appeal was signed by the trial judge after the delay for taking an appeal had expired.[2] The basis for this was that the responsibility for obtaining the necessary order of appeal and furnishing the required bond rests solely with the appellant.
In recent years the caseloads imposed upon the trial courts of this state have increased dramatically. As a consequence, trial judges have been obliged to restrict their availability in an effort to adequately keep dockets current. Counsel are no longer afforded almost unlimited access to trial judges as they once were in the past. In many courts, particularly in the trial court here, a more rigid procedure has been adopted, either formally or informally, by which counsel apparently are required to submit orders for signature through the clerk or his employees. To the extent this practice has been adopted, counsel have lost the ability, or at least most of the ability, to control the destiny of their cases.
Noting that an appeal bond is no longer required in this devolutive appeal, and specifically restricting our action to what is now before us, a devolutive appeal, we now conclude that when a motion for appeal has been timely filed with the clerk, the failure of the trial judge to sign the motion until after the delay for appeal has passed does not automatically result in a dismissal of the appeal, since such an irregularity is no longer imputable to the appellant. In so holding, anything to the contrary in the prior jurisprudence of this circuit is overruled.[3]
In Fidelity B. & T. Co. of Slidell v. Pinewood Country Cl.,[4] the First Circuit dismissed an appeal in which the order of appeal had not been timely signed by the trial judge. Then, in the recent case of Hall v. Board of Sup’rs, Southern University,[5] the First Circuit held that when a motion for appeal is timely filed, failure of the trial judge to sign the order of appeal within the allowed appeal delays is not an error or defect imputable to the appellant. However, in the more recent case of Traigle v. Gulf Coast Aluminum Corp.,[6] that circuit overruled Hall.
As we agree with Hall and hold contrary to Traigle, there exists a conflict between the First and Fourth Circuits, a conflict which the Supreme Court should resolve.
For the reasons assigned, our rule to show cause why the appeal should not be dismissed is recalled and vacated.

RULE TO SHOW CAUSE RECALLED AND VACATED.

REDMANN, J., concurs with written reasons.

. The pending appeal was from a prior summary judgment dismissing a defendant other than the appellee in this appeal,

. Succession of Rolland, La.App., 360 So.2d 213; Thomas v. Berman, La.App., 308 So.2d 797.

. In compliance with one of our internal rules, this action has been submitted to our entire court and a majority has approved. Boutall, J., dissents, being of the opinion the appellant must make a reasonable effort to secure a signature timely, and agreeing with Traigle v. Gulf Coast Aluminum Corp., La.App., 391 So.2d 1290.

. La.App., 250 So.2d 577.

. La.App., 387 So.2d 643.

. Supra, note 3.