GULOTTA, Judge.
Plaintiff-appellee, First National Bank of Commerce, has filed a motion to dismiss defendant’s devolutive appeal on the ground that it “was not perfected within the delay authorized by law... . ”
Defendant represented himself in proper person in this suit in city court on a promissory note. Judgment on the merits was rendered in favor of plaintiff on July 9, 1980. Defendant applied for a new trial on July 14, 1980. The petition for appeal was filed on November 21, 1980.
The order denying the motion for a new trial was signed on September 2, 1980 and recites that the matter came for hearing on that date. The appearances noted in the September 2 order were the attorney for plaintiff and the defendant in proper persons.[1] Hówever, a copy of this order denying the motion for a new trial contains a handwritten notation dated November 12, 1980, signed by the minute clerk, which reads:
“Since Defendant was not notified of above decision, per Judge Steiner, I prepared a copy of this Order and gave it to him today.”
LSA-C.C.P. Art. 5003(A) provides for a ten-day-appeal period from a city court judgment. LSA-C.C.P. Art. 5003(B) further provides:
“B. Where an application for new trial is timely filed, however, the delay for appeal commences on the day after the motion is denied, or from service of notice of the order denying a new trial, when such notice is necessary.”
LSA-C.C.P. Art. 4917 sets forth those instances where notice of judgment is required. In pertinent part, this article provides:
“A. Notice of judgment must be given when:

(2) The case has been taken under advisement; or * * *
Reading the September 2 order, which recites that the parties were present at the hearing on the motion for a new trial, together with the clerk’s handwritten notation of November 12, which recites that the defendant was not notified of the order denying the motion, leads us to conclude that the trial judge apparently took the motion for a new trial under advisement and rendered his decision outside of the presence of the defendant. Under these circumstances defendant was entitled to notice of judgment pursuant to LSA-C.C.P. Art. 4917(A)(2). Under LSA-C.C.P. Art. 5003(B), the ten-day-appeal period therefore commenced from November 12, 1980 when defendant was notified of the order denying a new trial. Considering the record in a light most favorable to the appellant,[2] we hold that the petition for appeal filed on November 21, 1980 was timely.
Accordingly, we deny the motion to dismiss the appeal.
MOTION DENIED.

. This order apparently erroneously contains the notation that it was filed on September 4, 1980.

. Appeals are favored in law and will be disallowed or declared abandoned only for substantial cause. Walker v. Jones, 253 La. 908, 221 So.2d 44 (1969); Koerner & Lambert, Etc. v. Allstate Ins. Co., 363 So.2d 546 (La.App. 4th Cir. 1978).