398 So.2d 141 (1981)
Francis DETRAZ et al., Plaintiff-Appellee,
v.
Anthony FONTANA et al., Defendant-Appellant.
No. 8331.
Court of Appeal of Louisiana, Third Circuit.
April 15, 1981.
Anthony J. Fontana, Jr., of Theall & Fontana, Abbeville, for defendant-appellant.
*142 Simon & Dauterive, J. Minos Simon, Lafayette, for plaintiff-appellee.
Broussard, Broussard & Moresi, Paul G. Moresi, Jr., Abbeville, for defendant-appellee.
Before FORET, STOKER and LABORDE, JJ.
LABORDE, Judge.

MOTION TO DISMISS
The appellees, Jewit Hulin and the Vermilion Parish Policy Jury, move to dismiss the appeal taken by the appellants, Anthony J. Fontana, Jr. and Charles Dore, from a judgment of the trial court dismissing their third party demand. We dismiss the suspensive appeal but maintain the appeal as a devolutive appeal.
On May 28, 1980, the appellants filed a third party demand against the Vermilion Parish Police Jury. On June 3, 1980, by a supplemental and amending third party demand, Jewit Hulin, secretary-treasurer of the Police Jury, was joined as third party defendant. The appellees subsequently filed a motion in the trial court to require the appellants to furnish bond pursuant to LSA-R.S. 42:261(E).[1] The motion was opposed. On November 20, 1980, the trial court rendered judgment in favor of the appellee, requiring the appellants to furnish a bond in the amount of $15,000 to cover the costs of the appellees' attorney's fees no later than December 20, 1980, in default of which their third party demand be dismissed. On December 23, 1980, no bond having been filed, the trial court dismissed the appellants' third party demand. The appellants moved for and were granted a suspensive appeal on January 7, 1981. No suspensive appeal bond was ever filed.
The appellees contend that the appeal must be dismissed because the suspensive appeal bond was not furnished within the delays allowed. We agree. There are two requirements which must be fulfilled within the appropriate delays in order to timely perfect a suspensive appeal. These are (1) obtain an order of appeal from the court which rendered the judgment, and (2) file a sufficient appeal bond. LSA-C.C.P. Articles 2121 and 2123. Willie v. Otasco, 347 So.2d 1215 (La.App. 1st Cir. 1977). The delay within which to take a suspensive appeal is provided for in LSA-C.C.P. Art. 2123:
"Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken and the security therefor furnished, only within thirty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914."
Because the appellants did not move for a new trial, the thirty day delay for taking a suspensive appeal from the judgment of December 23 began to run on January 5, 1981, seven clear days from the date of judgment. Therefore, the appellants *143 had until February 4 to file their suspensive appeal bond. The appellants have never filed a bond, hence the suspensive appeal must be dismissed. However, when a suspensive appeal is not timely perfected and the motion for appeal is filed within the delay allowed for a devolutive appeal, it will be maintained as a devolutive appeal. Succession of Buvens, 373 So.2d 750 (La.App. 3rd Cir. 1979); Roche v. Big Moose Oilfield Truck Services, 371 So.2d 1374 (La.App. 3rd Cir. 1979). In the instant case the appellants filed their motion for appeal on January 7, 1981, well within the delay for perfecting a devolutive appeal.[2] Therefore, this appeal will be maintained as a devolutive appeal.
The appellees also contend that this appeal should be dismissed because the judgment of November 20, 1980 has not been appealed and the delays for appeal have elapsed, therefore the appellants have voluntarily and unconditionally acquiesced in a judgment rendered against them and the appeal therefrom cannot be taken under the explicit provisions of LSA-C.C.P. Art. 2085.[3]
This contention is without merit. The judgment of November 20, 1980 ordered the appellants to furnish bond to cover the appellees' attorney's fees. The appellants never furnished such bond and promptly moved for an appeal after the case was dismissed for failure to furnish the bond. It cannot be said that the appellees unconditionally acquiesced in the judgment of November 20, 1980.
The appellees' last contention is that the judgment of November 20, 1980 ordering appellant to post the appropriate bond for costs is now final and therefore the question raised by this appeal is moot. We disagree. A judgment ordering a party to furnish bond under LSA-R.S. 42:261(E) is an interlocutory judgment. Iles v. White, 345 So.2d 1304 (La.App. 3rd Cir. 1977). Upon appeal from a final judgment of dismissal an appellate court may always review the correctness of the trial court's interlocutory orders or judgments. People of Living God v. Chantilly Corporation, 207 So.2d 752 (La.1968); Texas Gas Transmission Corp. v. Soileau, 251 So.2d 104 (La.App. 3rd Cir. 1971); Washington v. Flenniken Construction Company, 188 So.2d 486 (La. App. 3rd Cir. 1966). A similar situation was confronted by the first circuit in Carville v. City of Plaquemine, 303 So.2d 289 (La.App. 1st Cir. 1973) when the plaintiff appealed a judgment dismissing his suit for failure to post bond for costs. The court in Carville held that the trial court's order requiring the plaintiff to furnish bond for costs was reviewable on an appeal of the judgment of dismissal. We likewise conclude that this appeal from the judgment dismissing the appellants' suit includes the review of the interlocutory judgment ordering the appellants to furnish bond for the appellees' attorney's fees.
For the above and foregoing reasons, the suspensive appeal is dismissed. We however, *144 retain jurisdiction to review this matter as a devolutive appeal.
SUSPENSIVE APPEAL DISMISSED, DEVOLUTIVE APPEAL MAINTAINED.
NOTES
[1] 42:261

E. Any party who files suit against any duly elected or appointed public official of this state of or any of its agencies or political subdivisions for any matter arising out of the performance of the duties of his office other than matters pertaining to the collection and payment of taxes and those cases where the plaintiff is seeking to compel the defendant to comply with and apply the laws of this state relative to the registration of voters, and who is unsuccessful in his demands, shall be liable to said public official for all attorneys fees incurred by said public official in the defense of said lawsuit or lawsuits, which attorneys fees shall be fixed by the court.
The defendant public official shall have the right, by rule, to require the plaintiff to furnish bond as in the case of bond for costs, to cover such attorneys fees before proceeding with the trial of said cause.
[2] Art. 2087. Delay for taking devolutive appeal

Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any party may take a devolutive appeal therefrom within the delays allowed in the first Paragraph of this Article or within ten days of the mailing by the clerk of the notice of the first devolutive appeal in the case, whichever is later.
[3] Art. 2085. Limitations on appeals

An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.