MOTION TO DISMISS
Before SAMUEL, REDMANN and GU-LOTTA, JJ.
GULOTTA, Judge.
Plaintiff-appellee, First National Bank of Commerce, has filed a supplemental motion to dismiss defendant’s devolutive appeal on the ground that it “was not timely perfected within the delay authorized by law...” In an earlier opinion denying plaintiff’s pri- or motion to dismiss,[1] we noted that defendant’s petition for appeal was filed within the ten day appeal period applicable to city court judgments. Plaintiff has moved again for dismissal on the ground that although defendant’s motion was timely filed the trial judge did not sign an order of appeal until after expiration of the delay for taking the appeal.
Defendant, in proper person, filed a petition for appeal on November 21, 1980 within the delay for taking the appeal. This petition contains no language ordering the granting of a devolutive appeal and fixing a return date, but does contain a blank signature line over the word “judge”. The record also includes a second petition for appeal which contains an order granting appellant a devolutive appeal and fixing the return date as February 5, 1981. This appeal order was signed by the trial judge on January 5, 1981, after expiration of the appeal period. No filing date is stamped on this second petition for appeal.
In support of its motion to dismiss, plaintiff relies on two First Circuit cases[2] holding that a devolutive appeal is perfected by the sighing or granting of the order of appeal within the delay for appeal, and not merely by the timely presenting of the motion and order of appeal to the clerk of court or the judge. In Scales v. State, 391 So.2d 871 (La.App. 4th Cir. 1980), writ granted, 396 So.2d 909 (La.1981), we held, however, that when a motion for appeal has been timely filed with the clerk, the failure of the trial judge to grant the motion until after the delay for appeal has passed does not automatically result in a dismissal of the appeal, since such an irregularity is not imputable to the appellant.[3] See LSA-C. C.P. Art. 2161.
Pursuant to our holding in Scales, supra, we decline to dismiss this appeal. Even though the first motion for appeal contained no language expressly ordering the granting of an appeal, it prayed for an appeal returnable to this court and contained a line for the judge’s signature. Under these circumstances, we conclude the appeal will not be dismissed.
The motion to dismiss is denied.

MOTION DENIED

. No. 12389, handed down April 7, 1981, La. App., 396 So.2d 1010.

. Traigle v. Gulf Coast Aluminum Corp., 391 So.2d 1290 (La.App. 1st Cir. 1980); Abernathy v. Stanley A. Lafargue and Associates, Inc., 382 So.2d 1002 (La.App. 1st Cir. 1980).

. In Scales, supra, we disapproved the First Circuit’s rule and expressly overruled Thomas v. Berman, 308 So.2d 797 (La.App. 4th Cir. 1975), which is also relied on by defendant in support of its motion to dismiss.