MOTION TO DISMISS
STOKER, Judge.
The plaintiff-appellee, First National Bank of Lafayette, moves to dismiss the suspensive appeal of the defendant-appellant, James R. Smith, on the grounds that the defendant has failed to file a bond for suspensive appeal within the delays required by law.
The trial court rendered judgment in favor of the plaintiff on May 28, 1985. In accordance with Louisiana Code of Civil Procedure Article 1913, the clerk of court mailed notice of the judgment on May 31, 1985. The delays for filing a motion for a new trial elapsed on June 11, 1985. Therefore, the defendant had until July 11, 1985 to file for a suspensive appeal.
The defendant obtained an order for a suspensive appeal on June 14, 1985. However, the defendant failed to timely furnish the security for the suspensive appeal. The defendant had until July 11, 1985 to furnish the security which was not filed until July 12, 1985. The plaintiff has moved to dismiss the appeal.
The motion to dismiss has merit. Code of Civil Procedure Article 2123 provides:
“Except as otherwise provided by law, an appeal which suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished only within thirty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely.
Inasmuch as the suspensive appeal bond has been untimely filed, the suspen-sive appeal is dismissed. However, when a suspensive appeal is not timely perfected and the motion for appeal is filed within the delay allowed for a devolutive appeal, it will be maintained as a devolutive appeal. Detraz v. Fontana, 398 So.2d 141 (La.App. 3rd Cir.1981), Savoie v. Estate of Rogers, 433 So.2d 1140 (La.App. 3rd Cir.1983).
Therefore the suspensive appeal is hereby dismissed and converted into a devolu-tive appeal.
SUSPENSIVE APPEAL DISMISSED: Appeal maintained as a Devolutive Appeal.