DOUCET, Judge.
This is an action for worker’s compensation benefits filed by plaintiff, Steven R. Lay, against his employer, Non-Mag, Inc. (Corporation), and its worker’s compensa *1342 tion insurer, United States Fidelity and Guaranty Company (USF & G), as the result of an accident that occurred on July 31, 1986, when an automobile being driven by Keith P. Romero executed a left turn directly in front of plaintiffs motorcycle.
At the time of the aforementioned accident, plaintiff was employed as a warehouseman with Non-Mag, Inc. and was on twenty-four hour call, seven days a week. Plaintiff’s duties primarily consisted of loading and unloading trucks at any hour of the day or night. In order for plaintiffs employer to reach him after normal working hours, plaintiff was required to carry a 'beeper.
Frequently, when the Corporation’s truck was not otherwise engaged in company business, plaintiff was allowed to use the truck in going to and from work. The gasoline expenses for this truck were reimbursed after receipts for the purchases were submitted to the Corporation. When the truck was unavailable to plaintiff, he used his personal vehicle for work. Plaintiff was given the option to submit his gasoline expenses to defendant, Non-Mag, Inc., for reimbursement. Plaintiff’s personal vehicle was a motorcycle and because these gas bills were so nominal, he never submitted them to the Corporation for reimbursement.
On the day of the accident, plaintiff finished his normal shift at 5:00 p.m. and drove his motorcycle to a health club located in Lafayette. While on his way home from the health club, plaintiff’s beeper sounded off at approximately 7:45 p.m. At this time, plaintiff was instructed to return to his employer’s place of business in order to unload a truck. The task took approximately one hour, after which time plaintiff got on his motorcycle and proceeded directly home. While on his way home, plaintiff was involved in the accident which forms the basis of this suit.
As a result of the aforementioned accident, plaintiff sustained injuries to his left leg and ankle which required several hospitalizations and surgeries.
Plaintiff filed suit against Non-Mag, Inc. and USF & G seeking worker’s compensation benefits, all medical expenses, penalties, and attorney’s fees. After a trial on the merits, the district court concluded that plaintiff was within the course and scope of his employment at the time of the accident and awarded him temporary total benefits and related medical expenses for the duration of his disability. Plaintiff’s claim for penalties and attorney’s fees were denied.
Formal judgment in this matter was signed on May 6, 1988. Notice of signing of the judgment was mailed to all counsel of record by the Clerk of Court on May 9, 1988. On June 20, 1988, the district court granted defendants’ motion and order for suspensive appeal and an appeal bond was filed that same day. On July 15, 1988, plaintiff filed a motion to dismiss defendants’ suspensive appeal and the district court subsequently denied plaintiff’s motion. Plaintiff subsequently filed an answer to defendants’ appeal, setting forth that the district court’s refusal to award penalties and attorney’s fees was contrary to the law and evidence and that defendants’ appeal was untimely and should be reinstated as a devolutive appeal.
On appeal, defendants assert three assignments of error, all of which involve one central issue, whether or not the district court erred in holding that plaintiff was acting in the course and scope of his employment at the time of the accident.
We have carefully reviewed the record and find no error of law or manifest error as to the findings of fact made by the district court with respect to the issue of whether or not plaintiff was acting in the course and scope of his employment at the time of the accident. Accordingly, the judgment of the district court with respect to this issue is affirmed.
ANSWER
As previously stated, plaintiff answered this appeal setting forth that the district court erred in refusing to award penalties and attorney’s fees. Plaintiff also urged that defendants’ appeal was untimely and should be reinstated as a devolutive appeal.
With respect to plaintiff’s claim for penalties and attorney’s fees, we find, as *1343 did the district court, that this case presented serious legal questions concerning the application of the worker’s compensation statute to plaintiff. Thus, the district court did not err when it denied plaintiff penalties and attorney’s fees.
With respect to plaintiff’s contentions that defendants’ appeal was untimely, we find merit. On May 9, 1988, in accordance with La.C.C.P. art. 1913, the Clerk of Court notified all counsel of record that formal judgment was signed on May 6, 1988. Allowing for the delay period in which to file a motion for a new trial under La.C.C.P. art. 1974, defendants had until May 18, 1988, in which to seek a new trial. Since the motion for new trial was not filed, La.C.C.P. art. 2123' granted defendants thirty days, commencing May 19, 1988, in which to file a timely suspensive appeal. Thus, June 17, 1988, was the last date in which defendants could properly perfect a timely suspensive appeal. In order to perfect a suspensive appeal, La.C. C.P. art. 2123 and the jurisprudence interpreting that article require both a signed order of appeal from the district court rendering the judgment and the filing of a sufficient appeal bond within the aforementioned legal delays. If either requirement is not fulfilled, the appeal must be reinstated by the appellate court as a devolutive appeal. See Detraz v. Fontana, 398 So.2d 141 (La.App. 3rd Cir.1981); Willie v. Otasco, 347 So.2d 1215 (La.App. 1st Cir.1977); First National Bank of Lafayette v. Smith, 475 So.2d 1388 (La.App. 3rd Cir.1985).
In the instant case, defendants obtained an order of appeal and filed their appeal bond on June 20, 1988. This date falls after the June 17, 1988 deadline. Thus, the order was not timely obtained and the appeal bond was not timely filed. Consequently, the suspensive appeal is dismissed and is hereby converted into a devolutive appeal.
Accordingly, for the reasons assigned, the judgment of the district court is affirmed, the suspensive appeal is dismissed, and the appeal is maintained as a devolu-tive appeal.
AFFIRMED. SUSPENSIVE APPEAL DISMISSED, APPEAL MAINTAINED AS A DEVOLUTIVE APPEAL.